UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-173-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LATORIE CRUMPLER, | ) | |
| Defendant. | ) | |

This matter is before the court on defense counsel's motion to determine competency [DE-22] and the Bureau of Prison's most recent psychiatric report [DE-28]. Medical staff at FMC Butner opine that Crumpler is not competent to stand trial as a result of a mental disease and it is not substantially probable that Crumpler will regain competence in the foreseeable future. For the reasons that follow, counsel are DIRECTED to file objections to the report, if any, by **December 19, 2013** and the court requests that the Bureau of Prisons maintain custody of Crumpler at its Butner, North Carolina campus until any objections to the report are resolved and in anticipation of further evaluation pursuant to 18 U.S.C. § 4246.

**FACTUAL AND PROCEDURAL HISTORY**

Crumpler was charged in an Indictment [DE-13] with one count of carjacking resulting in serious bodily injury, 18 U.S.C. § 2119, one count of carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and one count of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g). Shortly after defense counsel met with Crumpler, he filed a motion to determine competency [DE-19]. By order dated September 24, 2012 [DE-20], the court committed Crumpler to the custody of the Attorney General for

evaluation to determine whether there is reasonable cause to believe that the defendant presently

is suffering from a mental disease or defect rendering him mentally incompetent to the extent that

he is unable to assist properly in his defense. 18 U.S.C. § 4241(a). The court timely received the

initial psychiatric report, in which the FMC Butner medical staff opined that Crumpler was not

competent to proceed. After a hearing on January 27, 2013, the court entered an order [DE-25]

finding that Crumpler was not competent to proceed and committing Crumpler for further

evaluation to determine whether there was a substantial probability that Crumpler would regain

competency in the foreseeable future. *See id.* § 4241(d)(1).

Thereafter, on June 24, 2013, medical staff submitted a report indicating that Crumpler

remained incompetent, but finding that a substantial probability existed that he may regain

competency in the foreseeable future. The court accordingly granted FMC Butner's request for

an additional 120-day commitment for continued evaluation and competency restoration

treatment. *See id.* § 4241(d)(2)(A) (providing that the court may order an additional period of

commitment upon a finding that there is a substantial probability that a defendant will regain

competency). The additional commitment period has expired and medical staff have submitted a

report indicating that Crumpler remains incompetent to proceed. Unfortunately, Crumpler has

not made significant progress since the June 24, 2013 report with respect to his ability to

understand the nature and consequences of the proceedings against him and medical staff now

opine there is not a substantial probability of competency restoration in the foreseeable future.

*See* November 27, 2013 Psychiatric Report [DE-28]. Finally, medical staff note that Crumpler

remains subject to evaluation under 18 U.S.C. § 4246.

## DISCUSSION

The court is comfortable adopting the findings from the November 27, 2013 psychiatric report [DE-28] and concluding that there is not a substantial probability that Crumpler will regain competency within the foreseeable future. Of course, the parties should be given an opportunity to be heard on this issue. Accordingly, the parties are directed to notify the court of any objections to the report on or before **December 19, 2013**. If either party objects to the findings in the report, the court will schedule and notice a hearing on the issue of Crumpler's competency to proceed. In addition, counsel may also wish to address the propriety of committing Crumpler for an additional period of time for dangerousness evaluation under § 4246, as explained below.

Pending final resolution of Crumpler's competency to proceed, Crumpler remains subject to the Bail Reform Act and the court's May 16, 2012 detention order [DE-10]. *See United States v. Magassouba*, 544 F.3d 387, 413-15 (2d Cir. 2008). In the event the parties do not object to the findings in the report, Crumpler will be subject to the provisions of 18 U.S.C. § 4246(a), which provides a process for civil commitment of presently dangerous defendants who are nearing the end of their commitment periods under other statutory provisions. *Id.* ("If the director of a facility in which a person is hospitalized certifies [that a defendant is presently dangerous], [t]he court shall order a hearing to determine [if the person should be civilly committed]."). In light of the nature of Crumpler's charges, the seriousness of his symptoms, and his behavior on the medical unit, the court will likely order an evaluation for possible certification under § 4246 if the court finds that Crumpler is not competent to proceed under § 4241(d).[1] The court will need

---

[1] Although the court is fairly certain that it will request a § 4246 evaluation, counsel may address any issues related to further commitment for a § 4246 evaluation in their responses due on December 19, 2013.

3

to commit Crumpler for an additional forty-five days to complete that evaluation. *See id.* §

4247(d) (providing for forty-five day commitment period for preparation of an initial § 4246

report/certification).

For this reason, the court requests that Crumpler remain in custody at FCC Butner until

such time as the court either (1) orders a hearing to determine Crumpler's competency or (2)

orders further evaluation under § 4246 at FMC Butner. Because Crumpler remains subject to the

court's detention order [DE-10] and the Bail Reform Act, he may remain in custody until the

court conclusively finds that he is not competent to proceed. *See Magassouba*, 544 F.3d at 413-

15; *see also United States v. Peppi*, No. 06-157, 2007 WL 674746, at *4-5 (D.N.J. Feb. 27, 2007)

(finding that the Bail Reform Act does not apply once the court conclusively establishes that it is

not substantially probable that a defendant will regain competency). Assuming the court finds

that Crumpler is unlikely to regain competency, the court may then order Crumpler committed

for an additional forty-five days for evaluation under § 4246 and that evaluation must take place

at FMC Butner. *See* § 4246(a) (explaining director of the facility in which the defendant is

hospitalized must file the required certification). If Crumpler can remain at FCC Butner pending

the outcome of the competency proceeding, it will avoid the time and expense associated with

unnecessarily transporting Crumpler to Wilmington, N.C., only to send him back for the § 4246

evaluation. The court should receive counsel's response regarding any objections to the findings

in the most recent report on or before December 19, 2013 and the court will quickly notify

Bureau of Prisons Officials of Crumpler's status after it receives counsel's response. Of course,

if it is not possible for Crumpler to remain in custody at FCC Butner during this time, prison staff

may contact the United States Marshals Service for transportation back to the New Hanover

4

County Detention Center.

<strong>CONCLUSION</strong>

Counsel is DIRECTED to file any objections to the November 27, 2013 psychiatric report by **December 19, 2013**. The court requests that Crumpler remain in custody at FCC Butner until the court has resolved Crumpler's competency status and decided whether to request a § 4246 evaluation. Counsel may also address any issues related to the § 4246 evaluation in their response, but this is not required.

SO ORDERED.

This, the _5-th_ day of December, 2013.

JAMES C. FOX
Senior United States District Judge

5