12-173UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-173-F1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| LATORIE CRUMPLER, ) | |
| Defendant. ) | |

This matter is before the court on defense counsel's motion to determine competency [DE-19] and the Bureau of Prison's most recent psychiatric report [DE-28]. Medical staff at FMC Butner opine that Crumpler is not competent to stand trial as a result of a mental disease and it is not substantially probable that Crumpler will regain competence in the foreseeable future. For the reasons that follow, the court adopts the findings in the most recent psychiatric report [DE-28] and finds that Crumpler's condition is not so improved as to permit the proceedings to go forward. However, the court DIRECTS FMC Butner medical staff to evaluate whether Crumpler meets criteria for possible civil commitment under 18 U.S.C. § 4246.

**FACTUAL AND PROCEDURAL HISTORY**

Crumpler was charged in an Indictment [DE-13] with one count of carjacking resulting in serious bodily injury, 18 U.S.C. § 2119, one count of carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and one count of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g). Shortly after defense counsel met with Crumpler, he filed a motion to determine competency [DE-19]. By order dated September 24, 2012 [DE-20], the court committed Crumpler to the custody of the Attorney General for

evaluation to determine whether there is reasonable cause to believe that the defendant presently is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. *See* 18 U.S.C. § 4241(a). The court timely received the initial psychiatric report, in which the FMC Butner medical staff opined that Crumpler was not competent to proceed. After a hearing on January 27, 2013, the court entered an order [DE-25] finding that Crumpler was not competent to proceed and committing Crumpler for further evaluation to determine whether there was a substantial probability that Crumpler would regain competency in the foreseeable future. *See* § 4241(d)(1).

Thereafter, on June 24, 2013, medical staff submitted a report indicating that Crumpler remained incompetent, but finding that a substantial probability existed that he may regain competency in the foreseeable future. June 24, 2013 Psychiatric Report [DE-26]. The court accordingly granted FMC Butner's request for an additional 120-day commitment for continued evaluation and competency restoration treatment. July 15, 2013 Order [DE-27]; *see also* § 4241(d)(2)(A) (providing that the court may order an additional period of commitment upon a finding that there is a substantial probability that a defendant will regain competency).

The additional commitment period has expired and medical staff have submitted a report indicating that Crumpler remains incompetent to proceed. Unfortunately, Crumpler has not made significant progress since the June 24, 2013 report with respect to his ability to understand the nature and consequences of the proceedings against him and medical staff now opine there is not a substantial probability of competency restoration in the foreseeable future. *See* November 27, 2013 Psychiatric Report [DE-28]. Finally, medical staff note that Crumpler remains subject to evaluation under 18 U.S.C. § 4246.

2

On December 5, 2013, the court entered an order [DE-29] providing counsel with an opportunity to submit written objections to the November 27, 2013 report [DE-28] and to request a hearing. The court also indicated that it would likely commit Crumpler for additional evaluation pursuant to 18 U.S.C. § 4246 in the event that Crumpler is found not competent to proceed and invited responses from counsel on that proposal as well. The deadline for submitting the responses has passed, and counsel did not file any objections to the report or raise any concerns about further evaluation.

## DISCUSSION

The court hereby adopts the findings from the November 27, 2013 psychiatric report [DE-28] and concludes that Crumpler's condition is not so improved as to permit the proceedings to go forward at this time.[1] *See* 18 U.S.C. § 4241(d). Crumpler is now subject to the provisions of § 4246, which provides a process for civil commitment of presently dangerous defendants who are nearing the end of their commitment periods under other statutory provisions. *See* § 4246(a) ("If the director of a facility in which a person is hospitalized certifies [that a defendant is presently dangerous], [t]he court shall order a hearing to determine [if the person should be civilly committed]."); *see also* § 4241(d) ("[I]f, at the end of the time period specified [under § 4241], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of [18 U.S.C. § 4246].").

---

[1] The court notes that while Crumpler is not currently competent to proceed and the criminal proceedings are indefinitely suspended until he regains competency, the criminal charges remain pending unless or until the United States Attorney dismisses the indictment. *United States v. Ecker*, 78 F.3d 726, 728 (1st Cir. 1996) ("[T]here is nothing in [§ 4241]'s language that requires dismissal of a pending indictment. Congress, we have little doubt, intended to leave the decision about the disposition of pending charges to the case-by-case discretion of the prosecutors.").

In light of the nature of Crumpler's charges, the seriousness of his symptoms, and his behavior on the medical unit, the court has decided to order an evaluation for possible certification and civil commitment under § 4246. The court will need to commit Crumpler for an additional forty-five days to complete the initial § 4246 evaluation. *See* § 4247(d) (providing for forty-five day commitment period for preparation of an initial § 4246 report/certification).

## CONCLUSION

The court DIRECTS the Director of the Federal Medical Center at Butner to evaluate whether Harris meets the criteria for certification under § 4246(a). Crumpler is hereby COMMITTED for an additional forty-five days for the initial § 4246 evaluation. *See* § 4247(b). If the appropriate certification is received, the court will schedule a hearing to determine if Crumpler should be civilly committed. *See* § 4246(a).

SO ORDERED.

This, the 27th day of December, 2013.

JAMES C. FOX
Senior United States District Judge